UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KYLE PIUNTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:23-cv-02074 (UNA) |
| ) | |
| ) | |
| DEPARTMENT OF VETERAN AFFAIRS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, a resident of the District of Columbia, has filed a complaint, ECF No. 1, against the Department of Veteran Affairs, as well as an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The IFP application will be granted and the case will be dismissed because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and, to the extent that plaintiff's claims can be understood, this court lacks jurisdiction.

The complaint is not a model of clarity. Plaintiff fails to cite to any legal authority and alleges only that defendant's "debt management center is wrongfully holding [him] responsible for the payment of a tuition debt that was caused and created by an academic institution that wasn[']t held accountable for on [] time withdrawal and unenrollment submissions."  He contends that defendant, in fact, owes him the sum of the purported debt, totaling $37,779.34.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint satisfies this standard.

More, the Tucker Act, 28 U.S.C. § 1491, gives the U.S. Court of Federal Claims jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction."). Here, plaintiff's complaint seeks in excess of $10,000. Accordingly, this court lacks jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and plaintiff must seek recourse in the Court of Federal Claims.

Put simply, the complaint is overly vague, failing to provide adequate notice of any claim. Furthermore, plaintiff fails to establish this court's jurisdiction or to present a valid basis for any award of damages. Consequently, the court will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and dismiss the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: 7/27/2023

TREVOR N. McFADDEN
United States District Judge